IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| **ABS SERVICES, INC. and ANTHONY BERTAS,** | **PLAINTIFFS** |
| vs. | No. 3:10-CV-339-CWR-FKB |
| **NEW YORK MARINE AND GENERAL INSURANCE COMPANY AND ALLSTAR FINANCIAL GROUP,** | **DEFENDANTS** |

## ORDER DENYING MOTION FOR NEW TRIAL

Pending before the court is Plaintiffs, ABS Services, Inc. and Anthony Bertas' *Motion for New Trial*. The Court, after reviewing the motion, response of the Defendants and the supporting memoranda, finds that should be of the opinion that the motions be DENIED.[1]

### I. BACKGROUND

On May 17, 2010 the Plaintiffs filed a five count complaint in the Circuit Court of Hinds County, Mississippi against New York Marine and General Insurance Company and Allstar Financial group alleging: That on or about August 3, 2007, Plaintiffs, ABS and Anthony Bertas entered into a subcontract with Yates Construction Company, Inc. to construct three concrete retaining walls for the Emerald Star Casino in Natchez, Mississippi. Compl. ¶ 6. Through no fault of its own, ABS was unable to satisfy obligations under the contract due to substantial physical changes at the site and Yates' failure to perform its contractual duties. *Id*. ABS then entered into a General Agreement of Indemnity with New York Marine on November 30, 2007, to act as a surety for its work on the Emerald Star Casino project in Natchez, Mississippi. *Id*. ¶ 7. ABS notified Yates of the difficulties

---

[1] Also pending before the Court are Defendants Objections and Motion to Strike/Exclude [Docket No. 170] and Defendants Motion for Sanctions [Docket No. 175].

it encountered in performing its obligations under the contract and also advised Yates that it was in breach of the contract for failing to pay progress payments. *Id*. at ¶ 8. Shortly thereafter, Yates submitted a performance bond claim for the work ABS had been hired to complete. Subsequently, Yates, over the objection of ABS, entered into a full and final settlement and release under the surety contract for work performed by ABS on the Emerald Star Casino Project. *Id*. at ¶ 14. ABS opposed the settlement on the grounds that the surety had no liability to Yates because Yates was in breach of the subcontract.

ABS' lawsuit alleged the following counts: (1) breach of contract/bad faith breach of contract against New York Marine; (2) New York Marines' breach of fiduciary duty to ABS and Bertas; (3) conspiracy and collusion between New York Marine, Allstar and Yates to wrongfully assign, take over and convert the assets of ABS and Bertas; (4) that the conspiracy resulted in tortious interference with the contract between ABS and Yates; and (5) that the defendants conduct amounted to the tort of outrage.

Defendants timely removed this action based on diversity jurisdiction on June 16, 2010. New York Marine and Allstar answered the Complaint and New York Marine filed a counterclaim seeking contractual indemnity from ABS and Bertas. After the close of discovery, NYM and Allstar filed their motion for summary judgment on both the claims brought by ABS and Bertas as well as NYM's counterclaim. [Docket No. 99]. After a full hearing on the motions, the Court granted in part part and denied in part the motions; thus dismissing some of the claims but allowing the remaining claims to go to trial. See Minute Entry and Order of Proceedings of October 25, 2011. During this hearing the Court also considered various motions to strike and motions in limine filed by the parties.

The trial commenced on October 31, 2011, and the jury returned a verdict in favor of the

defendants on November 9, 2011. Final judgment was entered on November 29, 2011. [Docket No. 160]. Defendants NYM and Allstar filed their Motion to Alter or Amend Judgment on December 6, 2011 [Docket No. 162], which the Court granted. [Docket No. 164]. After the Court entered its Amended Final Judgment on Jury Veridict, see, [Docket No. 166], Plaintiffs timely filed their Motion for New Trial [Docket No. 168], to which the Defendants have responded. [Docket Nos. 170 and 171].

Plaintiffs claim that they are entitled to a new trial for the following reasons: (1) the Court's ruling on the choice of law was incorrect; (2) the Court's Allen charge was coercive; (3) Plaintiffs' fiduciary duty claim was incorrectly decided on summary judgment; and (4) the Court wrongfully granted summary judgment in favor of the defendants on Plaintiffs' claim of civil conspiracy to convert claim.

## II. Standard on Motion for New Trial

Plaintiffs cite Rule 59 of the Federal Rules of Civil Procedure as its basis for seeking to set aside the verdict and arguing for a new trial. "Under Rule 59, '[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States....'" *Seale v. Mitchell*, 2011 WL 4026796 *1 (N.D. Miss. Sept. 9 2011). Generally, grounds for a new trial are that the verdict is against the weight of the evidence, damages are excessive, substantial errors in the admission or rejection of evidence or the giving or refusal of instructions. *Id*. at 2 (citing 11 Wright & Miler, Federal Practice and Procedure § 2805). The judge may not simply substitute his judgment for that of the jury, however he is free to accept or reject evidence and to reassess the credibility of witnesses and proof. *Id.*

Applying this standard, the Court will not delve into its previous rulings regarding Plaintiffs claims or its choice of law determination. Defendants were entitled to summary judgment on those claims, and the Court finds that the verdict on the claims submitted to the jury was not against the great weight of the evidence. With respect to the modified *Allen*[2] charge, the Court does not find its semantic deviation from the approved *Allen* charge adopted by the Fifth Circuit was so prejudicial as to require a new trial.[3] See *United States v. Winters*, 105 F. 3d 200, 203 (5th Cir. 1997). Accordingly, the Court concludes that the grant of a new trial is unwarranted.[4]

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Plaintiffs' Motion for New Trial [Docket No. 168] is not well-taken and should be, and hereby is, DENIED.

IT IS, FURTHER ORDERED AND ADJUDGED that the Defendants' Objection and Motion to Strike [Docket No. 170] is MOOT.

IT IS, FURTHER ORDERED that a hearing is set 10:00 a.m. on Friday, June 29, 2012 on Defendants' Motion for Sanctions [Docket No. 175].

SO ORDERED, this the 30th day of May, 2012.

---

[2] *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

[3] The Court specifically rejects Plaintiffs' argument that the instruction was so coercive or contained language that necessitates ordering a new trial. See *McAfee v. Murray Ohio Mfg., Inc.*, 66 Fed.Appx. 523 (5th Cir. April 7, 2003)(finding that charge was not overly coercive where verdict was rendered only after thirty minutes after charge was given). In support of their argument that the instruction was coercive defendants claim that there were communications with "former jurors [who] confirmed that the language of the modified charge was the sole cause of a drastic change in the majority opinion among the jurors." Memorandum in Support of Motion for New Trial [Docket No. 169], at 5. Although Plaintiffs alleged that affidavits would be forthcoming, *see*, *id*., 6 n.1., their counsel never produced them. Instead, in a subsequent filing counsel stated that "[n]o attorneys in this matter spoke with any jurors during the trial or post trial, or solicited their client to do so. Counsel was given this information by the Plaintiff, who obtained information from the jurors..." Memorandum in Support of Plaintiffs' Response to Motion for Sanctions [Docket No. 181], at 2.

[4] The Court finds Defendants' Objection and Motion to Strike/Exclude [Docket No. 170] moot. The Defendants also filed a Motion for Sanctions [Docket No. 175] in light of Plaintiffs' purported communications with the jurors. This, Defendants contend, is a direct violation of L.U.Civ.R. 48. [Docket No. 176], at 2, and justifies sanctions. A hearing on the motion is appropriate.

                                                        <u>s/Carlton W. Reeves            </u>
                                                        UNITED STATES DISTRICT JUDGE